ESSEX COUNTY QUARTER SESSIONS.

STATE

*v.*

JOSEPH C. CAPRIO and LAWRENCE RUGLIO.

[Decided December 1st, 1921.]

Election Law—Violation of—Indictment of Persons who had
Previously Testified in Summary Proceedings Regarding
Matters upon which Indictment was Afterward Found—
Statutory Provisions Considered at Length.

On indictment for conspiracy.

*Mr. J. Henry Harrison,* for the State of New Jersey.

*Mr. Wilbur Heisley,* for the defence.

STICKEL, J.

The defendants, the judge and inspector of an election
board in the First ward of Newark, were indicted by the
grand jury for conspiracy to falsely count and falsely return
the results of a Republican primary election. They filed a
plea in bar contending that having been removed as members
of the election board by Judge Osborne, in a summary pro-
ceeding had before him for alleged election frauds, and
having testified in such proceeding, they could not now be
indicted for matters as to which they testified before Judge
Osborne.

To support this plea they rely on section 621 of an act to
regulate elections, Revision of 1920, which reads as follows:

"No person called to testify in any proceedings under this act shall
be liable to a criminal prosecution either under this act or otherwise,
for any matters or causes in respect to which he shall be examined,
or to which his testimony shall relate, except to a prosecution for
bribery committed in such testimony; nor shall any person when

called to testify in any trial for a violation of this act, be privileged to refuse to answer any questions which may be asked him, upon the ground that the same will tend to degrade or incriminate him."

In other words, they contend that they were "called to testify" in this proceeding before Judge Osborne and were examined or gave testimony in relation to the same matters and causes in respect to which they have now been indicted. The plea, therefore, involves the construction of said section 621, and particularly of the words "called to testify." The state contends that this section should be construed to mean "compelled to testify on behalf of the state," or at least that it should be construed to mean "compelled to testify," and that it cannot be held to apply to a voluntary witness.

It is interesting to note that this section appeared for the first time as part of an act to define the crime of bribery and to provide for the punishment thereof, chapter 208, laws of 1906. page 388, and as there used, it clearly applied only to an indictment for bribery and the proceedings referred to in the section were proceedings under the Bribery act. However, in 1920, when the revisors of the election laws did their work, they seemingly took this section bodily from the act of 1906, and without considering the effect of changing it from the Bribery act to the revision, without considering that in the act of 1906, it applied purely to indictments for bribery, while in the revision it would apply to any proceeding, under the new act, they incorporated it into the revision. Indeed, so faithfully did they incorporate it, and with so apparently little consideration as to its effect and purpose, that they perpetuated the error therein as it existed in the act of 1906 in using the word "bribery" instead of the word "perjury," in that part of the act which reads "except to a prosecution for bribery committed in such testimony."

The source from which this section came, of course, has no effect upon the construction of this act in its new location, but it is interesting to observe the original purpose of the section.

I am inclined to think, despite the action of the legislature of 1921 in amending this section so that it clearly grants immunity only to a person called to testify upon behalf of the

state, that the section as it read before it was amended should be construed to mean "compelled to testify for the state." Any other construction would place it in the power of a defendant to secure immunity for himself against indictment for crime. For instance, in this particular case, by simply being called to the stand by their counsel and testifying as to the matters in issue in their defence, these defendants could purchase immunity from criminal prosecution. But, in any event, whether the act applies to persons called to testify for the state or not, it seems to me clear that it can only apply to a person called to testify as an involuntary witness. The entire phraseology of the section breathes compulsion. The witness is to be denied the right to refuse to answer questions which might be asked of him on the ground that the same might tend to degrade or incriminate him, indicating the involuntary character of the witness, but he is to be protected in thus being compelled to testify by being granted immunity as to the matters about which he testified. Clearly, there would be no necessity for such compulsion or such protection if the act was intended to apply to a voluntary witness, to one not compelled to testify. It seems to me therefore that the phrase "called to testify" means compelled to testify, and while it may be argued as to one of the defendants that he was compelled to take the stand, it seems to me that all that Judge Osborne did was to indicate that he was ready to hear the defendant. In any event there is no proof that these defendants, or either one of them, were compelled to talk about anything.

But whether these words mean compelled to testify for the state or merely compelled to testify, it is entirely clear, from a careful reading of the section and the surrounding sections applying to similar matters, that the section does not apply to *offenders or to parties to a cause or proceeding*. It applies at best to witnesses called for the state and not to persons who are on the defensive, not to the accused. Section 616 makes it the duty of every person upon whom a subpœna is served under this act to heed this subpœna and provides the penalty for the failure to observe the command of the subpœna.

Section 618 requires certain magistrates, upon proof of facts constituting probable cause for believing that this election had been violated and that certain people had knowledge of the violations, to issue process of subpœna for the appearance of such person or persons having such knowledge for examination regarding the alleged violation of the act, but it distinctly exempts from such right to so subpœna *the person or persons accused or claimed to be guilty of the violation of the act.* Section 619 requires all witnesses sworn on the trial of any indictment for violation of this act to answer proper and pertinent questions and grants them immunity from criminal prosecution for testimony so given.

Section 620 also applies to the trial of indictments for violations of this act and compels persons subpœnaed to give testimony or to produce records and also grants immunity as to any matter with reference to which they so testify or as to which they produce evidence.

Section 622 makes a person *offending* against any provision of this act a competent witness against another person so offending and compels his attendance and the giving of testimony upon any trial, hearing, proceeding or lawful investigation or judicial proceeding in the same manner as any other person, but immunity is granted to the *offender* so testifying against another offender from prosecution for matters as to which he so testifies. It will be observed that this section applies only to an offender who testifies against another offender, and that it is not restricted to the trial of an indictment for violation of this act, but is intended to cover any proceeding or investigation.

We now come to section 621, and if the contention of the defence is true, that it applies to defendants as well as witnesses, of what use is section 622, for, if any person, whether a witness or a defendant by virtue of section .621 is granted immunity from prosecution simply by having testified, it would cover and include an offender called to testify against another offender. We must assume that the legislature meant something in adopting section 622, and yet if section 621 is construed, as contended by the defence, there was absolutely no purpose in adopting section 622. It is a principle of con-

struction that you must construe an act so as to give life and purpose to all parts of it where possible, and you can do this with sections 621 and 622 only by holding that section 621, like sections 619 and 620, applies only to witnesses, and that it was necessary, because sections 619 and 620 only applied to indictments, whereas it was desirable to grant immunity where witnesses testified in proceedings other than on trial of indictments. Sections 619 and 620 would be broad enough to grant the desired immunity, except that they only applied to indictments; so this section was broadened only to the extent of making it cover and include any proceedings under this act, and section 622 was then adopted to cover the acts of a person *not a witness* but an accused, but the legislature carefully limited the immunity in that case to the situation where the offender testified against another offender. If section 621 had already granted immunity to an offender who testified for another as contended by the defence or for himself, why the necessity of limiting section 622 to an offender who testified against another—that is, for the state, to convict another offender?

And this construction, to wit, that section 621 only applies to witnesses, is strengthened by the clause which compels a person called to testify to give testimony even though it tends to degrade or incriminate him. The legislature could not compel an accused to testify against himself, but it could compel a witness where it granted immunity to that witness, and, as the denial of the privilege of refusing to answer questions is based upon the immunity granted by the section, it is clear that the entire section, the first part as well as the latter part, applies only to witnesses who have been compelled to give testimony against their will and not at all to a defendant taking the stand voluntarily in his own behalf; not at all to the defendant who had the right to refuse to submit himself to examination by the state. It is clear therefore that there is no merit in the plea filed and I will direct a verdict for the state.

NOTE.—This case, involving interesting points, is herewith inserted by request.